PEOPLE *v.* MAYFIELD

1. RAPE — CRIMINAL LAW — TRIAL — CONTINUANCE — PREGNANCY OF
COMPLAINANT.

Denial of continuance in rape trial where the complaining wit-
ness was obviously pregnant was not prejudicial error where
the prosecutrix testified to having other acts of sexual inter-
course during the same month as the alleged rape occurred
(CLS 1961, § 750.520).

2. TRIAL—CONTINUANCE—TRIAL COURT—DISCRETION.

Granting or refusing of a continuance is within the sound dis-
cretion of the trial court (GCR 1963, 503.1).

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted Division 2 May 7, 1969, at Lansing. (Docket
No. 5,109.) Decided May 26, 1969.

Delton Dale Mayfield was convicted of forcible
rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, *Donald A. Kuebler,* Chief Ap-
pellate Attorney, and *Roger Kittendorf,* Assistant
Prosecuting Attorney, for the people.

*Gadola, Gadola & Gadola,* for defendant on appeal.

BEFORE: LESINSKI, C. J., and QUINN and DAN-
HOF, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Continuance §§ 7, 29; 44 Am Jur, Rape § 69;
53 Am Jur, Trial § 15.
[2] 17 Am Jur 2d, Continuance §§ 7, 29; 53 Am Jur, Trial § 15.

PER CURIAM. Defendant was convicted by a jury of the crime of rape, CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788), and was sentenced to a term of not less than 20 nor more than 40 years in prison.

On appeal defendant raised four questions in support of his request for a reversal of the circuit court and an order for a new trial. The first was whether the trial court erred by denying defendant's motion for a continuance in light of the obvious pregnancy of the prosecutrix. Defendant contends that while evidence of pregnancy of the prosecutrix is properly admitted in prosecutions of statutory rape, it is irrelevant, immaterial, and inadmissible in prosecutions for forcible rape.

Granting or refusing of a continuance is within the sound discretion of the trial court, GCR 1963, 503.1. A thorough examination of the record in this case convinces this Court that it does not need to decide whether there was error in the trial court's refusal to grant the continuance, because even if there was, it was not prejudicial error inasmuch as the prosecutrix testified to having other acts of sexual intercourse during the same month as the alleged rape occurred.

The remaining questions raised on appeal do not merit discussion.

Affirmed.